IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH J. MELCHER, ) | No. C 12-0544 JSW (PR) |
| Petitioner, ) | **ORDER TO SHOW CAUSE** |
| vs. ) | |
| KIM HOLLAND, Warden, ) | |
| Respondent. ) | |

## INTRODUCTION

Petitioner is a California prisoner proceeding pro se, and he has filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. He has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

Petitioner was convicted in San Francisco County Superior Court of three counts of murder, two counts of attempted murder, two counts of assault, and counts of using a firearms. Special circumstances were also proven. He was sentenced to a term of 200 years to life in state prison, plus a term of life in prison without parole. The California Court of Appeal affirmed the conviction and sentence, and the California Supreme Court subsequently denied a petition for review.

//

**DISCUSSION**

I     <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II     <u>Legal Claims</u>

As grounds for federal habeas relief, Petitioner claims: (1) the trial court improperly denied his motion for severance of counts, in violation of due process; (2) admission of testimony about firearms toolmarks was erroneous; (3) admission of irrelevant and unduly prejudicial character evidence violated his right to due process; (4) admission of evidence and allowing argument that firearms evidence was given to a defense expert violated due process; (5) failing to institute competency proceedings was error; (6) the trial court erred in allowing Petitioner to waive his plea of guilty by reason if insanity; and (7) the cumulative effect of the foregoing errors violated due process. Petitioner's claims are sufficient to warrant a response from Respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based upon the claims found cognizable above. Respondent shall file with

the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3.  Respondent may, within **ninety (90) days**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: June 5, 2012

JEFFREY S. WHITE
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH J MELCHER,

        Plaintiff,

  v.

KIM HOLLAND et al,

        Defendant.
                              /

Case Number: CV12-00544 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 5, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph J. Melcher G-62372
California Correctional Institution State Prison
P.O. Box 1906
Tehachapi, CA 93581

Dated: June 5, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk